# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Cobb,<br><br>          Petitioner,<br><br>v.<br><br>R.L. Rhodes, Warden,<br><br>          Respondent. | No. CV-18-00460-TUC-RCC<br><br>**ORDER** |

      This habeas case arises from Petitioner Daniel Cobb's prison term at the U.S. Penitentiary in Tucson, Arizona. While imprisoned, Respondent charged Petitioner with possessing/manufacturing a weapon ("Incident 2988505"). Doc. 1-1 at 8-10. This charge resulted in the loss of forty-one days of time credits and several other privileges. *Id.* at 22-23. Petitioner appealed the charge administratively and filed a Petition for a Writ of Habeas Corpus ("Habeas Petition") alleging a violation of his right to due process. Doc. 1. The Court assigned the case to Magistrate Judge Lynette Kimmins. Shortly after Petitioner filed the Habeas Petition, Respondent expunged Petitioner's record[1] and restored the forty-one days of good time that was lost in the punishment process. Doc. 1-1 at 2-3. Now, Magistrate Judge Kimmins recommends that this Court deny the Habeas Petition as moot. After a thorough and independent review of the record, this Court adopts Judge Kimmins' recommendation and the Habeas Petition is dismissed as moot.

---

[1] The BOP ordered a re-write of the original incident report. The staff member who reported Petitioner's incident was no longer employed by the BOP when the re-write was ordered. Consequently, the BOP reversed the sanctions against Petitioner.

**Standard of Review**

"District judges have the power to refer a case to magistrate judge to hear and determine pretrial matters before the court." 28 U.S.C. § 636(b)(1); LRCiv. 72.1(a). While magistrate judges do not have the authority to dismiss, they may prepare a Report and Recommendation ("R&R") to aid the district judge in the disposition of the case. § 636(b)(1)(B)-(C). After receiving the magistrate judge's R&R, the parties may file written objections to the magistrate judge's recommendation. § 636(b)(1)(C). After receiving the magistrate judge's R&R and any objections from the parties, the district judge conducts a de novo review of the portions of the record to which the parties object. *Id*. Finally, the district judge determines whether to accept, reject, or modify the magistrate judge's recommendation. *Id*.

**Analysis**

Petitioner makes three objections to the R&R. First, Petitioner asserts that his record was not fully expunged. In support of this assertion, Petitioner cites to a portion of a document he entitles "Exhibit 1"[2] which says "05-26-17: DIS GCT D/SIG. 11-08-18: I/R# 2988505-Expunged D/SYT." Doc. 40 at 2. Petitioner claims that this mention of Incident 2988505 means that the incident is not expunged and still on his record. Petitioner's argument is flawed as the very language of his citation notes the fact that the Incident is expunged. *See Id*. Additionally, Respondent has already amended Petitioner's disciplinary record to remove any mention of Incident 2988505. *Compare* Doc. 12-1 at 9, *with* Doc. 12-1 at 11 (confirming the removal of Incident 2988505 and any related consequences from Petitioner's disciplinary report). The fact that there is an automated remark confirming that the Incident is expunged does not mean that the Defendant has failed to clear Petitioner's record. Therefore, Petitioner's first objection is without merit.

Petitioner's second and third objections are Petitioner's attempts to plead a retaliation case. However, as Magistrate Judge Kimmins correctly noted, a habeas petition is not the proper vehicle for presenting a retaliation claim. This Court need not

---

[2] The Parties have filed several exhibits for the various documents on the docket. This Court is uncertain which document Plaintiff is referencing as "Exhibit 1."

delve into the merits of Petitioner's retaliation arguments because the law is well-settled. A habeas petition is proper where the inmate is challenging the legality or length of confinement. *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991). However, a petitioner attempting to challenge the conditions of confinement must do so in a separate civil rights suit. *Id*. Here, Petitioner is not challenging the length of his confinement. He has been refunded any time credits that were lost. Petitioner is now attempting to bring a retaliation suit under a habeas petition, which is improper.

After a thorough and careful review of the record, this Court adopts Magistrate Judge Kimmins' recommendation, dismissing Petitioner's case as moot. Accordingly, **IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus is **DENIED AS MOOT**. The Clerk of the Court shall close this case and docket accordingly.

Dated this 21st day of November, 2019.

_____
Honorable Raner C. Collins
Senior United States District Judge